IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405<br><br>*Defendant*. | Case No. 18-cv-160 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. General Services Administration under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. GSA has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. My Pillow, Inc. is a pillow manufacturer based in Chaska, Minnesota.

8. Mike Lindell, the CEO of My Pillow, donated significant money to the presidential campaign of Donald Trump and the Republican National Committee, and he appeared on the campaign trail with Mr. Trump.

9. In July 2017, My Pillow received a contract modification on a contract with GSA to sell pillows to the federal government.

10. On November 2, 2017, American Oversight submitted four FOIA requests to GSA relating to My Pillow.

*Contract FOIA Request*

11. The first FOIA request sought access to the following records:

    A copy of contract number GS07F123DA and any contract modifications thereto, including at least modification number PSA580REVTERMCOND.

12. GSA assigned the Contract FOIA Request tracking number GSA-2018-000145.

*White House Communications FOIA Request*

13. The second FOIA request sought access to the following records:

    All communications between any political appointee or SES employee at GSA and anyone in the White House (meaning the WHO) regarding My Pillow or its CEO, Mike Lindell.

The White House Communications FOIA Request sought all responsive records from January 20, 2017, to the date of the search. The request also specified that with respect to communications regarding My Pillow, the agency should search for both "My Pillow" and "MyPillow" (no space), as the company is referred to both ways.

14. GSA assigned the White House Communications FOIA Request tracking number GSA-2018-000146.

*External Communications FOIA Request*

15. The third FOIA request sought access to the following records:

    1) All communications between any political appointee or SES employee at GSA and My Pillow or anyone acting on behalf of My Pillow.

    2) All communications between any political appointee or SES employee at GSA and Mike Lindell or anyone acting on his behalf.

The External Communications FOIA Request sought all responsive records from January 20, 2017, to the date of the search.

3

16. GSA assigned the White House Communications FOIA Request tracking number GSA-2018-000147.

*Internal Communications FOIA Request*

17. The fourth FOIA request sought access to the following records:

> All communications between political appointees and/or SES employees at GSA regarding (a) My Pillow, (b) Mike Lindell, or (c) contract number GS07F123DA.

The Internal Communications FOIA Request sought all responsive records from January 20, 2017, to the date of the search. The request also specified that with respect to communications regarding My Pillow in part (a) of the request, the agency should search for both "My Pillow" and "MyPillow" (no space), as the company is referred to both ways.

18. GSA assigned the Internal Communications FOIA Request tracking number GSA-2018-000148.

*Exhaustion of Administrative Remedies*

19. As of the date of this Complaint, GSA has failed to (i) notify American Oversight of any determination regarding the My Pillow FOIA requests, including the scope of any responsive records GSA intends to produce or withhold and the reasons for any withholdings; or (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

20. Through GSA's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Records

21. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. American Oversight properly requested records within the possession, custody, and control of the GSA.

23. GSA is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

24. GSA has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

25. GSA's failure to conduct an adequate search for responsive records violates FOIA.

26. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

27. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. American Oversight properly requested records within the possession, custody, and control of the GSA.

29. GSA is an agency subject to FOIA and must therefore release in response to a FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

30. GSA is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

31. GSA is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

32. GSA's failure to provide all non-exempt responsive records violates FOIA.

33. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring GSA to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendant to produce, by such a date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: January 25, 2018                            Respectfully submitted,

/s/ *Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

/s/ *Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999

/s/ *John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
austin.evers@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*